Anne Cohen, OSB #062405
Email: acohen@smithfreed.com
Sharlei Hsu, OSB #120982
Email: shsu@smithfreed.com
SMITH FREED & EBERHARD, P.C.
111 SW 5th Avenue, Suite 4300
Portland, OR 97204
Telephone: (503) 227-2424
Facsimile: (503) 227-2535
Attorneys for Defendant Victaulic Company

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| EDGE LOFTS MASTER CONDOMINIUM ASSOCIATION, a domestic non-profit corporation; EDGE LOFTS CONDOMINIUM ASSOCIATION, a domestic nonprofit corporation, <br><br> Plaintiffs, <br><br> v. <br><br> VICTAULIC COMPANY, a foreign corporation, <br><br> Defendant. | Case No. _____ <br><br> NOTICE OF REMOVAL <br><br> Circuit Court Of The State Of Oregon In And For The County Of Multnomah Case No. 130202646 |

Please take notice that, pursuant to 28 USC §§ 1441 and 1446, defendant Victaulic Company ("Victaulic") hereby removes to this Court the case now pending in the Circuit Court of the State of Oregon for Multnomah County as *Edge Lofts Master Condominium Association v. Victaulic Company,* Case No. 130202646 (the "State Court Action").

As grounds for removal, Victaulic states as follows:

1.      Plaintiff Edge Lofts Master Condominium and Edge Lofts Condominium Association ("Plaintiff") filed its Complaint against Victaulic in the State Court Action on February 25, 2013. The Complaint purports to state claims for: Strict Product Liability; Negligence; Breach of Express Warranty; Violations of the Consumer Warranty Act – ORS 72.8010 *et seq*. (Breach of Express Warranty; Breach of Implied Warranty of Merchantability; Breach of Implied Warranty of Fitness for Particular Purpose); and Violations of the Unlawful Trade Practices Act.

2.      Pursuant to 28 USC §1446(a), all state court papers that had been served on Victaulic as of the date of filing this Notice of Removal, consisting of the Summons and Complaint, are attached as Exhibit 1.

3.      Plaintiff served Victaulic's attorney, Anne Cohen, at the law offices of Smith Freed & Eberhard, P.C., a person authorized to accept service on behalf of Victaulic, with the Summons and Complaint on March 20, 2013, less than 30 days before the filing of this Notice of Removal. Therefore, this Notice is timely under 28 USC §1446(b)(1).

4.      Victaulic is the sole defendant in this action and there are no other defendants who have been properly joined and served and must join in or consent to this removal under 28 USC §1446(b)(2).

5.      This action may be removed pursuant to 28 USC § 1441 on the grounds that this court has original jurisdiction in diversity pursuant to 28 USC §1332. Plaintiff is an Oregon non-profit corporation serving as the governing body of the Edge Lofts Master Condominium and the Edge Lofts Condominiums located in Multnomah County, Oregon, Complaint ¶1. Victaulic is a corporation organized under the laws of the State of New Jersey with its principal place of

Page 2 – NOTICE OF REMOVAL                                                  208i31

business in Easton, PA. The matter in controversy exceeds $75,000, exclusive of interest and costs. Complaint ¶6.

Dated this _22-nd_ day of March, 2013.

SMITH FREED & EBERHARD, PC


By: _s/Anne C. Cohen_
Anne Cohen, OSB #062405
Email: acohen@smithfreed.com
Sharlei Hsu, OSB #120982
Email: shsu@smithfreed.com
Of Attorneys for Defendant Victaulic Company

Trial Attorney: Anne Cohen, OSB #062405

SMITH FREED & EBERHARD P.C.
111 S.W. Fifth Avenue, Suite 4300
Portland, Oregon 97204
Telephone: (503) 227-2424
Facsimile: (503) 227-2535

CERTIFICATE OF SERVICE

I hereby certify that on March 22nd, 2013, I served the foregoing NOTICE OF REMOVAL TO REDERAL COURT on:

Michelle K. McClure
Stuart K. Cohen
Landye Bennett Blumstein LLP
1300 SW Fifth Ave, Suite 3500
Portland, OR 97201
Fax: 503-224-4133
Email: mmcclure@landye-bennett.com
Email: scohen@landye-bennett.com
*Counsel for Plaintiff Edge Lofts*
*Master Condominium Association*
*and Edge Lofts Condominium*
*Association*

____✔____ by mailing to each of the foregoing a copy thereof, placed in a sealed envelope addressed as listed above and deposited in the United States mail at Portland, Oregon, and that postage thereon was fully prepaid.

_____ by facsimile transmission to each of the foregoing of a copy thereof to the number shown above.

_____ by hand delivering to each of the foregoing a copy thereof to the address listed above.

SMITH FREED & EBERHARD, P.C.

By  */s/ Anne Cohen*
   Anne Cohen, OSB #062405
   Email:  acohen@smithfreed.com
   Sharlei Hsu, OSB #120982
   Email: shsu@smithfreed.com
   Of Attorneys for Defendant Victaulic
   Company

Trial Attorney:  Anne Cohen, OSB #062405

SMITH FREED & EBERHARD P.C.
111 S.W. Fifth Avenue, Suite 4300
Portland, Oregon 97204
Telephone: (503) 227-2424
Facsimile: (503) 227-2535

*208ι31*

# IN THE CIRCUIT COURT FOR THE STATE OF OREGON
## FOR THE COUNTY OF MULTNOMAH

EDGE LOFTS MASTER CONDOMINIUM
ASSOCIATION, a domestic nonprofit corporation;
EDGE LOFTS CONDOMINIUM ASSOCIATION,
a domestic nonprofit corporation,

          **Plaintiffs,**

v.

VICTAULIC COMPANY, a foreign corporation,

          **Defendants.**

Case No. 1302-02646

SUMMONS

**TO:** **Victaulic Company, c/o Anne Cohen, Its Counsel**
      **Smith Freed & Eberhard**
      **111 SW 5ᵗʰ Avenue, 43ʳᵈ Floor**
      **Portland, OR 97204**

      You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

    You must "appear" in this case or the other side will automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days, along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

    If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

_/a S lian_ OSB 90142
SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Stuart K. Cohen            OSB #851738
ATTORNEY'S/AUTHOR'S NAME       BAR NO.

Landye Bennett Blumstein LLP / Portland
1300 SW Fifth Avenue, Suite 3500
Portland, OR 97201
503.224-4100 / 503.224-4133 (facsimile)

Trial Attorney if Other than Above     BAR NO.

STATE OF OREGON, County of Multnomah ) ss.

    I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons and complaint in the above-entitled action.

_/a S lian for Stuart K Cohen_
ATTORNEY OF RECORD FOR PLAINTIFF(S)

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

_/a S lian_ OSB 90142
ATTORNEY FOR PLAINTIFF(S)

**LANDYE BENNETT BLUMSTEIN LLP**
**1300 SW Fifth Avenue, Suite 3500**
**Portland, OR 97201**
**503.224-4100 / 503.224-4133 (facsimile)**

Page 1 – SUMMONS
   *003*

*Summons (Victaultc).13067-*

EXHIBIT   /
PAGE  / OF /7


RECEIVED
MAR 2 0 2013
709131 AC/SH

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| EDGE LOFTS MASTER CONDOMINIUM ASSOCIATION, a domestic nonprofit corporation; EDGE LOFTS CONDOMINIUM ASSOCIATION, a domestic nonprofit corporation,<br><br>                Plaintiffs,<br><br>v.<br><br>VICTAULIC COMPANY, a foreign corporation,<br><br>                Defendant(s). | Case No. **130202646**<br><br>**COMPLAINT**<br>(Strict Product Liability; Negligence; Breach of Express Warranty; Breach of the Consumer Warranty Act – Express Warranty, Merchantability, Fitness for a Particular Purpose; Unfair Trade Practices; Attorney Fees)<br><br>Not Subject to Mandatory Arbitration<br><br>Jury Trial Requested<br><br>Plaintiff's Claim: $1,500,000.00<br><br>Statutory Filing Fee: Ch. 595, Sec. 15(1)(d) |

Plaintiff alleges as follows:

### BACKGROUND ALLEGATIONS

1.

At all material times, plaintiffs Edge Lofts Master Condominium Association and Edge Lofts Condominium Association (collectively, the "Association") was and is an Oregon non-profit corporation organized for the mutual benefit of its members. The Association is the governing body of the Edge Lofts Master Condominium ("ELMC") and the Edge Lofts Condominium ("ELC") (collectively, the "Condominium"), an Oregon condominium located in Portland, Multnomah County, Oregon. The Condominium consists of 125 units. Article 3.2 of the Bylaws of ELMC and Article 3.3 of ELC (collectively, the "Bylaws") each provide that the Association has certain powers and duties, including the following: those granted by the Oregon Condominium Act (ORS 100.005, *et seq.*); those granted by the ELMC Declaration and the Declaration of ELC (collectively, the "Declarations"); and those granted by the Bylaws. Article

Page 1 -   COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

711786.13160-002

EXHIBIT   1
PAGE   2   OF   17

1  3.2.1 of the ELMC Bylaws and Article 3.3.1 of the ELC Bylaws each provide that the Board of

2  Directors of the respective Association (the "Boards") shall carry out the operation, care,

3  inspection, upkeep, repair, replacement, and maintenance of the common elements.  Pursuant to

4  Article 5.2 of the ELMC Declaration and Article 5.1 of the ELC Declaration, the General

5  Common Elements of the Condominium include but are not limited to the pipes, ducts, conduits,

6  wires, and other utility installations, each case to their respective outlets.  The General Common

7  Elements are owned in common by the individual unit owners of the Condominium (the

8  "Owners").  Except for certain items as described in the Declarations and/or Bylaws, the cost of

9  maintenance, repair, and replacement of the General Common Elements is a common expense,

10  and the performance of such work is the responsibility of the Association; however, such costs

11  are assessed and apportioned among the Owners.

12                                              2.

13      The Owners own the interiors of their respective units.  Each Owner is a member of the

14  Association.

15                                              3.

16      At all material times, defendant Victaulic Company ("Victaulic") was a foreign

17  corporation that manufactured and supplied valves, pipe couplings, gaskets and fittings for

18  piping systems. Victaulic distributed these components to suppliers and installers residing in and

19  doing business in Oregon.  Upon information and belief, Victaulic manufactured and sold certain

20  products including, but not limited to, butterfly valves, pipe couplings, gaskets, Pressfit and T

21  fittings, including and/or containing ethylene propylene diene monomer ("EPDM") rubber (the

22  "Victaulic products"), which were installed in the piping systems at the Condominium.  Upon

23  information and belief, some or all of the Victaulic products installed in the piping systems are

24  designated as "grade E", and recommended for hot water service in a potable water system.

25  ///

26  ///

Page 2 -  COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
Attorney at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

711786.13160-002

1              4.

2        The piping system installed throughout the Condominium includes Victaulic products

3   that are prematurely deteriorating and failing and causing the Victaulic products to fail to

4   perform.   Among other things, the Victaulic products are cracking, becoming brittle and/or

5   softening, and are disintegrating.   The deterioration of the Victaulic products has resulted in

6   damage to the Victaulic products and in pipe-joint seal failings, which have caused water

7   intrusion and property damage to components of the Condominium's General Common

8   Elements, other than the Victaulic products, to the potable water itself, and the interiors of the

9   units.   As premature deterioration and failure of the Victaulic products continues, further

10  widespread water intrusion and property damage will occur.

11             5.

12       Remediation of the defective Victaulic products will include, but is not limited to the

13  replacement of all Victaulic products in the Condominium's piping system.   Many of these

14  Victaulic products reside in the closed-wall spaces of the Condominium.

15             6.

16       As a direct and/or proximate result of Victaulic's acts and omissions, the Association has

17  suffered and will continue to suffer damages as alleged herein.   The Association is currently

18  entitled to recover money damages of $1,500,000 for the following:

19             (a)    the cost of diagnosing problems in the piping system and developing a

20                    scope of repair for the piping system and the General Common Elements;

21             (b)    the cost of repairs;

22             (c)    the total cost of a third-party construction manager to furnish architectural

23                    services; obtain permits; act as the Owners' representative during the

24                    repair work; and document the repair work to ensure that the work

25                    complies with, among other things, (i) all applicable industry standards,

26                    (ii) the applicable building code, (iii) all applicable laws, ordinances, rules

Page 3 -   COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

711786.13160-002

EXHIBIT  1
PAGE  4  OF  17

| | |
|---|---|
| 1 | and regulations, (iv) all applicable manufacturers' instructions and |
| 2 | specifications, and (v) the plans and specifications; |
| 3 | (d) the cost to move and store the Owners' personal belongings during the |
| 4 | course of the repair work, and to clean unit interiors when the repair work |
| 5 | is complete; |
| 6 | (e) the costs already incurred for interior repairs, extra cleaning, and to |
| 7 | mitigate damages; |
| 8 | (f) the total stigma diminution in the value of each unit and the |
| 9 | Condominium, which represents the lasting stigma which will occur to the |
| 10 | Condominiums regardless of the nature and extent of the repairs; |
| 11 | (g) loss of use and/or lost past and future profits for the units for the estimated |
| 12 | repair duration of at least six (6) calendar months; and |
| 13 | (h) prejudgment interest. |
| 14 | The full extent of the Association's damages will be proven at trial. |

**ORS 701.565 NOTICE OF DEFECTS**

7.

In an effort to avoid this litigation, and in the form required under ORS 701.565, the Association sent to Victaulic written notice identifying the piping defects alleged herein, and making the Condominium available to Victaulic for inspection under the procedures described in ORS 701.565, *et seq*.

8.

In light of the foregoing written notice, the Association's damages are liquidated. Therefore, pursuant to ORS 82.010, the Association is entitled to prejudgment interest on each of its claims herein, running from the date Victaulic was provided notice, through entry of judgment.

///

Page 4 -   COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

EXHIBIT   1        711786.13160-002

PAGE   5   OF   17

## FIRST CLAIM FOR RELIEF

## (STRICT PRODUCT LIABILITY)

### 9.

The Association re-alleges and incorporates paragraphs 1 through 8 above.

### 10.

The Victaulic products manufactured and sold by Victaulic were defective as set forth herein at the time they were purchased and installed at the Condominium. The Victaulic products were intended to and did reach the Condominium without substantial change from the condition in which they were manufactured and sold.

### 11.

The Victaulic products were and are defective as a consequence of design flaws, manufacturing defects, and/or inadequate/deficient warnings. As a consequence of the failure of the Victaulic products, the Victaulic products were and are unreasonably dangerous to the Condominium in which they were installed because the Victaulic products are prematurely deteriorating and failing and causing the Victaulic products to fail to perform as intended, and such failures and deterioration have led and will inevitably continue to lead to water intrusion into the Condominium.

### 12.

The Victaulic products were and are dangerous to an extent beyond that which would be contemplated and expected by the ordinary consumer purchasing such Victaulic products with the ordinary knowledge common to the community as to their characteristics.

### 13.

It was foreseeable, expected, and intended that the Victaulic products would be installed in a piping system like the Condominium's, and that the Victaulic products would be used for their intended purpose.

///

Page 5 - COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

14.

The defective Victaulic products were the foreseeable and proximate cause of considerable property damage to the Condominium, including but not limited to those parts of the General Common Elements that are not Victaulic products and to the individual units. As such, the Association seeks damages for the cost of replacing the Victaulic products with replacement components that will function properly in the Condominium's piping system, as well as any consequential and incidental damages arising therefrom, as identified in paragraph 6 above.

## SECOND CLAIM FOR RELIEF

### (Negligence)

15.

The Association re-alleges and incorporates paragraphs 1 through 8 and 10 through 14 above.

16.

Upon information and belief, Victaulic designed, manufactured, and sold the Victaulic products that were installed in the Condominium's piping systems.

17.

Victaulic owed the Association and Owners, as foreseeable future plaintiffs, a duty to use reasonable care in designing, manufacturing and selling the Victaulic products. It was foreseeable that the Victaulic products would be installed in the Condominium's piping systems; that the Association and Owners would therefore be injured by the deteriorating and failing Victaulic products and the failure of the Victaulic products to perform as intended; and that water intrusion and property damage to the Condominium would be caused thereby.

18.

Victaulic was negligent in at least the following respects:

    a.    Failing to design, inspect, test, and/or manufacture the Victaulic products properly;

Page 6 -   COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

711786.13160-002

EXHIBIT 1
PAGE 7 OF 17

| | | |
|---|---|---|
| 1 | b. | Failing to warn the Association and Owners regarding the defective |
| 2 | | condition of the Victaulic products; |
| 3 | c. | Failing to adequately instruct in the conditions under which the Victaulic |
| 4 | | products would properly perform; |
| 5 | d. | Failing to take corrective measures to protect the Condominium from the |
| 6 | | risk of harm arising from the defective Victaulic products; and |
| 7 | e. | Failing to repair completely the property damage to the Condominium. |

19.

As a direct and proximate result of the negligence of Victaulic, the Association and Owners have been damaged as alleged above. As a result, the Association seeks the cost of replacing all of the Victaulic products in the piping systems as well as any incidental and consequential damages arising therefrom, as set forth and identified in paragraph 6 above.

20.

The damages to the Association were reasonably certain to occur and were foreseeable if Victaulic acted negligently.

**THIRD CLAIM FOR RELIEF**

**(Breach of Express Warranty)**

21.

The Association re-alleges and incorporates paragraphs 1 through 8, 10 through 14, and 16 through 20 above.

22.

Upon information and belief, Victaulic provided the following express warranties for the Victaulic products installed in the Condominium's piping system:

a. That the Victaulic products' characteristics created a permanent, leak-tight triple seal on a variety of piping materials including steel, stainless steel, aluminum, PVC, ductile iron an copper;

Page 7 - COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

b.     That Victaulic's grade E EPDM gasket material is UL classified in accordance with ANSI/NSF 61 for cold (+86°F/+30°C) and hot (+180°F/+82°C) potable water service;

c.     That the grade E gaskets are recommended for hot water service within a specified temperature range of -30°F to +230°F, -34°C to +110°C;

d.     That the grade E gaskets are compatible with a variety of dilute acids, oil-free air and many chemical services; and

e.     That the Victaulic products were warranted to be free from defects in material and workmanship under normal conditions of use and service.

23.

Upon information and belief, Victaulic's descriptions of the qualities and characteristics of the Victaulic products became part of the basis of the bargain for the purchase and use of goods consisting of the Victaulic products at the Condominium and the subsequent purchase of units at the Condominium in that the plumbing/piping systems themselves were warranted.

24.

The Victaulic products are defective, as evidenced by the premature failure and deterioration of the Victaulic products as set forth above.

25.

The Association provided to Victaulic written and/or oral notice of the problems associated with the Victaulic products installed in the piping system and the resulting damage, which problems were covered by the terms of the express warranties and were within the time period applicable to such warranty.

26.

The Victaulic products at the Condominium have been used in conformity with Victaulic's express warranties. Victaulic failed and/or refused to properly repair or otherwise to

Page 8 -   COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224-4133 (facsimile)

711786.13160-002

EXHIBIT   1
PAGE   9   OF   17

1  address these problems. Victaulic's conduct constitutes a breach of its obligations under the
2  express warranty.

3                                        27.

4        The replacement remedy contained in the warranty fails of its essential purpose as
5  Victaulic has been unable either to repair the defects in the Victaulic products or to provide the
6  Association with Victaulic products otherwise meeting the piping systems' requisite
7  specifications. Therefore, irrespective of any limitation on damages contained in the warranty,
8  the Association is entitled, as damages, to the amount necessary to replace the Victaulic products
9  with non-defective components, plus any incidental and consequential damages arising
10 therefrom.

11                                       28.

12       As a result of Victaulic's breach of warranty due to the defective Victaulic products, and
13 as a result of the impossibility of replacing the Victaulic products at the Condominium, the
14 Association is entitled to recover damages as alleged in paragraph 6 above.

15                                       29.

16       The Association has performed all obligations and conditions on its part to be performed
17 under the terms of the express warranty, except those which have been waived or excused, or
18 which it has been prevented from performing.

19                        **FOURTH CLAIM FOR RELIEF**

20          **(Violations of the Consumer Warranty Act, ORS 72.8010 *et seq.*)**

21                  **(Count One: Breach of Express Warranty)**

22                                       30.

23       The Association re-alleges and incorporates paragraphs 1 through 8, 10 through 14, 16
24 through 20, and 22 through 29 above.

25 ///

26 ///

Page 9 -   COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

711786.13160-002

EXHIBIT    1
PAGE  10 OF 17

1          31.

2   Upon information and belief, Victaulic manufactured the Victaulic products and sold the

3 Victaulic products as retail consumer goods in Oregon.

4          32.

5   Upon information and belief, Victaulic expressly warranted that the Victaulic products

6 would be free from defects in materials and workmanship under normal conditions of use and

7 service.  Upon information and belief, Victaulic further warranted that it would repair or replace

8 defective components.

9          33.

10   There was non-conformity of the Victaulic products, because the Victaulic products have

11 prematurely deteriorated and failed.

12          34.

13   The Association and the Condominium have been damaged by the non-conformity of the

14 Victaulic products as described above in paragraph 4.

15          35.

16   The Association provided to Victaulic written and/or oral notice of the problems

17 associated with the Victaulic products installed in the piping system, which was covered by the

18 terms of the express warranty. The Association has fulfilled all of its obligations under the

19 express warranty.

20          36.

21   The Victaulic products at the Condominium have been used in conformity with

22 Victaulic's express warranties.  Victaulic failed and/or refused to properly repair or otherwise to

23 address these problems.  Victaulic's conduct constitutes a breach of its obligations under the

24 express warranty.

25 ///

26 ///

Page 10 - COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

711786.13160-002

EXHIBIT   1
PAGE  11  OF  17

37.

The replacement remedy contained in the warranty fails of its essential purpose as Victaulic has been unable either to repair the defects in the Victaulic products or to provide the Association with Victaulic products otherwise meeting the piping systems' requisite specifications. Therefore, irrespective of any limitation on damages contained in the warranty, the Association is entitled, as damages, to the amount necessary to replace the Victaulic products with non-defective Victaulic products.

38.

As a result of Victaulic's breach of warranty due to the defective Victaulic products, and as a result of the impossibility of replacing the Victaulic products at the Condominium, the Association is entitled to recover damages as alleged in paragraph 6 above to replace the Victaulic products.

**(Count Two: Breach of Implied Warranty of Merchantability)**

39.

The Association re-alleges and incorporates paragraphs 1 through 8, 10 through 14, 16 through 20, 22 through 29, and 31 through 38 above.

40.

Upon information and belief, Victaulic manufactured the Victaulic products and sold the Victaulic products as retail consumer goods in Oregon.

41.

Upon information and belief, as the manufacturer of retail Victaulic products, Victaulic made an implied warranty of merchantability that the Victaulic products

    a.    Were fit for the ordinary purposes for which the Victaulic products were used;

    b.    Were adequately contained, packaged and labeled; and/or

///

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

711786.13160-002

EXHIBIT 1
PAGE 12 OF 17

c.    Conformed to the promises or affirmations of fact made on the container or label.

42.

Victaulic breached its implied warranty of merchantability because there was non-conformity of the Victaulic products, as the Victaulic products have prematurely failed and deteriorated, and the Victaulic products were not accompanied with adequate instructions.

43.

The Association and the Condominium have been damaged by the non-conformity of the Victaulic products as described above in paragraph 4.

44.

As a result of Victaulic's breach of implied warranty due to the defective Victaulic products, and as a result of the impossibility of replacing the Victaulic products at the Condominium, the Association is entitled to recover damages as alleged in paragraph 6 above to replace the Victaulic products.

**(Count Three:  Breach of Implied Warranty of Fitness for Particular Purpose)**

45.

The Association re-alleges and incorporates paragraphs 1 through 8, 10 through 14, 16 through 20, 22 through 29, 31 through 38, and 40 through 44, above.

46.

Upon information and belief, Victaulic manufactured the Victaulic products and sold the Victaulic products as retail consumer goods in Oregon.

47.

Prior to the sale of the Victaulic products, Victaulic had reason to know that the Victaulic products would be used for the particular purpose for which the Victaulic products were purchased, installed, and used at the Condominium, namely, as parts of the pipes and plumbing for the hot water system for potable water.

Page 12 - COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorney at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

711786.13160-002

EXHIBIT 1
PAGE 13 OF 17

48.

Victaulic had reason to know that its skill or judgment was being relied upon to select goods suitable for the purpose for which the Victaulic products were purchased, installed, and used at the Condominium.

49.

Victaulic's skill or judgment was actually relied upon in the selection of the Victaulic products as appropriate for the installation and use for which they were purchased.

50.

The Victaulic products were not suitable for the particular purpose for which they were purchased in one or more of the ways alleged herein.

51.

Victaulic breached its implied warranty of fitness for a particular purpose because there was non-conformity of the Victaulic products, as the Victaulic products have prematurely failed and deteriorated.

52.

The Association and the Condominium have been damaged by the non-conformity of the Victaulic products as described above in paragraph 4.

53.

As a result of Victaulic's breach of implied warranty due to the defective Victaulic products, and as a result of the impossibility of replacing the Victaulic products at the Condominium, the Association is entitled to recover damages as alleged in paragraph 6 above to replace the Victaulic products.

///

///

///

///

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224-4133 (facsimile)

711786.13160-002

EXHIBIT 1
PAGE 14 OF 17

## FIFTH CLAIM FOR RELIEF

### (Violations of the Unlawful Trade Practices Act)

54.

The Association re-alleges and incorporates paragraphs 1 through 8, 10 through 14, 16 through 20, 22 through 29, 31 through 38, and 40 through 44 above.

55.

The Victaulic products are "goods" as defined in ORS 646.605(6), as the Victaulic products are or may be obtained primarily for personal, family, or household purposes.

56.

At all material times, Victaulic was engaged in the course of its business, vocation, or occupation of designing, manufacturing and selling Victaulic products. In the course of its business, Victaulic and/or its agents communicated and made representations regarding the approvals, characteristics, ingredients, uses, benefits, standards, grade, qualities, and/or standards of its Victaulic products as detailed in paragraph 22 above.

57.

Concurrent with the delivery of the Victaulic products sold, Victaulic and/or its agents expressly represented and/or implied (through affirmative statements or failures to disclose) that the Victaulic products had met the approvals, characteristics, ingredients, uses, benefits, standards, grade, qualities, and/or standards as detailed in paragraph 22 above.

58.

Victaulic's representations were false. In fact, the Victaulic products' approvals, characteristics, uses, benefits, qualities, grade, and standards were actually as set forth in paragraph 5 above. Victaulic violated ORS 646.608(1)(e), (g), and (t) because:

      a.    The Victaulic products did not have the approvals, characteristics, ingredients, uses, benefits, standards, grade, qualities, and/or standards as represented by Victaulic; and,

Page 14 - COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

EXHIBIT 1
PAGE 15 OF 17

711786.13160-002

b.    Victaulic knew, or in the exercise of reasonable care should have known, that the Victaulic products installed in the Condominium contained material defects and Victaulic failed to disclose such defects.

59.

The Association and Owners reasonably relied, to their detriment, on the Victaulic products to perform as Victaulic represented they would perform.

60.

Victaulic knew, or in the exercise of reasonable care should have known, that its conduct constituted unlawful trade practices. Accordingly, its violations were willful.

61.

As a direct and proximate result of Victaulic's violations, the Association has suffered ascertainable losses of money and property, and is entitled to recover those losses as set forth in paragraph 6 above.

62.

The Association is likewise entitled to recover its reasonable attorneys' fees and costs pursuant to ORS 646.638(3).

## RESERVATION

63.

In light of the Association's ongoing investigation of the piping system, and given the nature of the Association's claims against Victaulic, it may be the case that additional defects, property damage, defendants, or claims are discovered or arise during the course of this action. The Association therefore expressly reserves its right to freely and liberally amend or supplement this pleading pursuant to ORCP 23.

## JURY TRIAL DEMANDED

64.

The Owners demand a jury trial on all of their claims.

Page 15 - COMPLAINT

**LANDYE BENNETT BLUMSTEIN** LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

711786.13160-002

EXHIBIT _____1_____

PAGE _16_ OF _17_

**PRAYER**

WHEREFORE, the Association prays for judgment against Victaulic as follows:

1.     On the Association's First Claim for Relief (Strict Product Liability), Second Claim for Relief (Negligence), Third Claim for Relief (Breach of Express Warranty); Fourth Claim for relief (Breach of Implied Warranty of Fitness for Particular Purpose); and Fifth Claim for Relief (Violations of the Consumer Warranty Act), for judgment against Victaulic in the amounts alleged in paragraph 6 above, with pre- and post-judgment interest thereon at the rate of nine percent (9%) per annum, plus the Association's reasonable costs and disbursements incurred herein;

2.     On the Association's Fifth Claim for Relief (Violations of the Unlawful Trade Practices Act), for judgment against Victaulic in the amounts alleged in paragraph 6 above, with pre- and post-judgment interest thereon at the rate of nine percent (9%) per annum, plus the Association's reasonable costs and disbursements incurred herein and plus the Association's attorneys' fees as determined pursuant to ORCP 68; and

3.     For such further and additional relief as the court deems just and equitable.

DATED this **25** day of February, 2013.

LANDYE BENNETT BLUMSTEIN LLP

By: _____
     Michelle K. McClure, OSB #953520
     Stuart K. Cohen, OSB #851738
     *Of Attorneys for Plaintiff*

Page 16 - COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

711786.13160-002

EXHIBIT ___|___
PAGE _17_ OF _17_